UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SUKHPREET GREWAL SINGH,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, et al.,<br><br>Respondents. | CAUSE NO. 3:26-CV-1232-CCB-SJF |

**<u>OPINION AND ORDER</u>**

Immigration detainee Sukhpreet Grewal Singh, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. ECF 4. He argues that his conviction for cocaine possession does not subject him to mandatory detention under 8 U.S.C. § 1226(c) and, alternatively, that his detention has become unconstitutionally prolonged.

Mr. Singh is a native and citizen of India who was admitted to the United States as a lawful permanent resident in 2012. ECF 10-1 at 2. In October 2023, he pleaded guilty to cocaine possession under Indiana Code § 35-48-4-6(a). *Id.* On February 19, 2026, agents of United States Immigration and Customs Enforcement (ICE) took him into custody pursuant to an administrative warrant and issued a notice to appear charging him as removable under 8 U.S.C. § 1227(a)(2)(B)(i). *Id.* at 2-10. Mr. Singh moved to terminate his removal proceedings on the ground that his cocaine possession conviction did not qualify as a controlled-substance offense under § 1227(a)(2)(B)(i), but

an immigration judge denied the motion on March 5, 2026. ECF 10-2 at 46-47. Mr. Singh moved for reconsideration. *Id.* at 48-55. On May 18, 2026, the immigration judge denied reconsideration and ordered Mr. Singh removed to India. ECF 10-3 at 61-64. On June 8, 2026, Mr. Singh appealed his removal order to the Board of Immigration Appeals (BIA), and that appeal still is pending. *Id.* at 65-74. He has been detained for more than seven months and has not pursued a hearing under *Matter of Joseph*, 22 I. & N. Dec. 799 (BIA 1999), to challenge his inclusion within § 1226(c).[1]

The respondents first contend that the court lacks jurisdiction under 8 U.S.C. § 1252(g) and (b)(9) because deciding whether Mr. Singh's conviction supports mandatory detention would intrude on the government's decision to commence removal proceedings. Section 1252(g), however, does not foreclose review of every claim associated with removal proceedings. It addresses the specified decisions to commence proceedings, adjudicate cases, and execute removal orders. *Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471, 482 (1999). A challenge to detention during the administrative process may be resolved without interfering with those decisions. *Parra v. Perryman*, 172 F.3d 954, 957 (7th Cir. 1999).

Mr. Singh does not ask the court to terminate his removal proceedings or set aside the immigration judge's removal order. He challenges the legal basis for withholding a bond hearing and the constitutionality of his continued confinement.

---

[1] A *Joseph* hearing permits an alien to challenge his inclusion in a category subject to mandatory detention under 8 U.S.C. § 1226(c). The immigration judge considers whether the government is substantially unlikely to establish the charge of removability supporting mandatory detention. *Joseph*, 22 I. & N. Dec. at 806. A favorable determination permits consideration of release on bond under § 1226(a), but does not require release. *Id.*

Section 1252(b)(9) does not channel every detention challenge into a petition for review of a final removal order. *See Jennings v. Rodriguez*, 583 U.S. 281, 293–95 (2018) (plurality opinion). The plurality emphasized that the detainees there were not challenging the initial decision to detain them, so its discussion does not squarely resolve Mr. Singh's classification claim. *Id.* at 294. But Mr. Singh's classification claim concerns his eligibility for a bond hearing while removal proceedings continue, and custody determinations are separate from removal proceedings. 8 C.F.R. § 1003.19(d). A ruling that he may seek bond under § 1226(a) would neither set aside his removal order nor prevent the government from continuing to pursue his removal. The fact that his conviction bears on both detention and removability does not transform this request for custody-related relief into a request to review the removal order. *See Suri v. Trump*, 184 F.4th 260, 288 (4th Cir. 2026) (explaining that substantive overlap between detention and removal claims does not itself make one claim arise from the other). The court therefore rejects the respondents' jurisdictional argument.

The respondents next contend that Mr. Singh failed to exhaust administrative remedies for his challenge to detention under § 1226(c) because he did not exhaust a *Joseph* hearing prior to filing his habeas petition. The "general rule" is that parties must "exhaust prescribed administrative remedies before seeking relief from the federal courts." *McCarthy v. Madigan*, 503 U.S. 140, 144–45 (1992). But where "exhaustion of administrative remedies is not statutorily mandated," "sound judicial discretion governs" whether it must be accomplished. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (citation omitted). In exercising discretion whether to depart from the

general rule, the court considers "the nature of the claim presented and the characteristics of the particular administrative procedure provided," *McCarthy*, 503 U.S. at 146, always cognizant that "individual interests demand that exhaustion be excused" when:

> (1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised.

*Gonzalez*, 355 F.3d at 1016 (quoting *Iddir v. INS,* 301 F.3d 492, 498 (7th Cir. 2002)).

Mr. Singh responds that exhaustion should be excused for several reasons. First, he argues the respondents forfeited the exhaustion defense by inadequately developing it. ECF 13 at 4–5. Although the respondents' discussion of exhaustion is limited, they expressly invoke exhaustion as a basis for rejecting his challenge to mandatory detention, and expressly identify the availability of a *Joseph* hearing. ECF 10 at 1, 4, 11, 17. Mr. Singh recognizes the asserted defense and addresses at length why he believes resort to that procedure should be excused. ECF 13 at 5–8. Under these circumstances, the court declines to treat the expressly raised defense as forfeited and exercises its discretion to require exhaustion of this statutory claim.

The administrative process provides a means to obtain the relief Mr. Singh seeks. A person detained under § 1226(c) may request a determination that he is not properly included in a mandatory-detention category. 8 C.F.R. § 1003.19(h)(2)(ii). At a *Joseph* hearing, the immigration judge considers whether the government is substantially

unlikely to establish the charge supporting mandatory detention. *Joseph*, 22 I. & N. Dec. at 800, 806. An adverse custody determination may be appealed to the BIA. 8 C.F.R. § 1003.19(f). Mr. Singh's argument that his conviction does not qualify under the governing controlled-substance provision is precisely the kind of statutory issue that this process permits the agency to address.

Mr. Singh argues that a *Joseph* hearing would be futile because the immigration judge twice rejected his contention that the conviction does not qualify as a controlled-substance offense. Because the judge already found that the government established removability, he reasons, the judge could not find the government substantially unlikely to establish the same charge at a *Joseph* hearing. ECF 13 at 5–6. But *Joseph* contemplates a custody determination after a decision on the merits, and the available custody-review process includes an appeal to the BIA. 22 I. & N. Dec. at 805–06; 8 C.F.R. § 1003.19(f). Even assuming the immigration judge would adhere to the earlier rulings, the BIA could correct a legal error and direct an individualized bond determination. *See Gonzalez*, 355 F.3d at 1017–18.

The relevant question therefore is whether the administrative process as a whole offers a reasonable prospect of relief. In *Gonzalez*, exhaustion was excused because the BIA had repeatedly rejected the petitioner's position in precedential decisions, making an appeal futile. 355 F.3d at 1018–19. Mr. Singh identifies no comparable BIA precedent foreclosing his argument. The immigration judge's rejection of his position does not establish that the BIA has predetermined the issue or that an appeal of a custody determination would be futile.

Nor has Mr. Singh completed administrative review by presenting his argument twice in the removal proceedings. Custody determinations are separate from removal proceedings, and his pending appeal of the removal order is not an appeal from a *Joseph* determination. 8 C.F.R. § 1003.19(d), (f). The BIA has not yet decided even the removal appeal. Requiring Mr. Singh to pursue the available custody-review process gives the agency an opportunity to correct any error and afford custody-related relief before this court intervenes. *See McCarthy*, 503 U.S. at 145–46 (explaining that exhaustion gives an agency an opportunity to correct its own errors).

Mr. Singh also invokes delay, emphasizing that the BIA has not set a briefing schedule in his removal appeal and that millions of cases are pending before the immigration courts. ECF 13 at 6. Unreasonable delay can justify excusing exhaustion. *McCarthy*, 503 U.S. at 146–47. But these circumstances do not establish that the custody-review process he has not initiated would be unavailable or unreasonably delayed. Aggregate immigration-court statistics do not show the likely time needed to decide a custody request or custody appeal. The court does not minimize the liberty interest at stake, but continued detention during administrative review, without a particularized showing of unreasonable delay in the available process, does not by itself excuse exhaustion.

Accordingly, before seeking habeas relief on his classification claim, Mr. Singh must pursue a *Joseph* hearing and, if necessary, a BIA appeal of the adverse custody determination. The court dismisses this claim without prejudice and does not decide whether his conviction categorically qualifies under § 1226(c).

Mr. Singh's second claim is different. He argues that, even assuming § 1226(c) *does* apply to his detention, his ongoing detention violates his due process rights because it has become unconstitutionally prolonged under the framework set forth by the Third Circuit in *German Santos v. Warden Pike Cty. Correctional Facility*, 965 F.3d 203, 211 (3d Cir. 2020). The court addresses that claim on the merits.

Section 1226(c) provides for the mandatory detention of certain categories of aliens during their removal proceedings. 8 U.S.C. § 1226(c)(1)–(2). The Seventh Circuit Court of Appeals and the United States Supreme Court have both held the mandatory detention provision in § 1226(c) is constitutional on its face. *See Demore v. Kim*, 538 U.S. 510, 531 (2003) ("Detention during removal proceedings [pursuant to § 1226(c)] is a constitutionally permissible part of that process."); *Parra v. Perryman*, 172 F.3d 954, 958 (7th Cir. 1999) ("Given the sweeping powers Congress possesses to prescribe the treatment of aliens, see *Fiallo v. Bell*, 430 U.S. 787, 792 (1977), the constitutionality of § 1226(c) is ordained."). In *Demore*, the Supreme Court took up a due process challenge to § 1226(c) and rejected the habeas petitioner's argument that due process requires an individualized bond hearing for an alien in mandatory detention. 538 U.S. at 523-26, 531.

That said, the Seventh Circuit has left open the possibility of an as-applied challenge to a particular detainee's detention under § 1226(c), noting, but not deciding, the open question of "whether mandatory detention under § 1226(c) is consistent with due process when a detainee makes a colorable claim that he is not in fact deportable." *Gonzalez*, 355 F.3d at 1020-21 (citing *Demore,* 538 U.S. at 560 (Souter, J., dissenting) ("Some

individual aliens covered by § 1226(c) have meritorious challenges to removability or claims for relief from removal. . . . As to such aliens . . . the Government has only a weak reason under the immigration laws for detaining them.”)). The Supreme Court likewise has not spoken to an as-applied challenge to prolonged detention under § 1226(c). *See Jennings v. Rodriguez*, 583 U.S. 281, 312 (2018) (concluding as a matter of statutory interpretation that § 1226(c) did not place time limits on detention or require periodic bond hearings but remanding the constitutional arguments for consideration first).

In determining whether a detainee’s detention has become unconstitutionally prolonged, *German Santos* identifies four factors for the court to consider: (1) the duration of detention; (2) whether detention is likely to continue; (3) the reasons for delay; and (4) whether the conditions of confinement are “meaningfully different” from criminal punishment. *German Santos*, 965 F.3d at 211. Duration is the most important consideration, but the inquiry is case specific and establishes no automatic deadline. *Id.*

The Seventh Circuit has not adopted the *German Santos* framework. Here, the court need not decide whether to adopt that framework because, even assuming it applies, Mr. Singh has not established a due process violation.

With respect to the first factor, Mr. Singh has been in ICE custody for more than seven months. That period has included proceedings before the immigration judge, a motion for reconsideration, and approximately four months of administrative appellate review. This is substantially different from the two-year-and-seven-month detention at issue in *German Santos*, 965 F.3d at 207. Although detention warrants increasing scrutiny as it continues, the decision expressly rejects a presumption of unreasonableness tied to

any particular duration. *Id.* at 211. The court does not establish seven months as a categorical safe harbor, but concludes that this period, considered with the circumstances of this case, has not become constitutionally unreasonable.

The prospect of further detention does not require a different result. Mr. Singh points out that the BIA has not issued a briefing schedule and contends that the immigration system's backlog makes an end to his detention unforeseeable. ECF 13 at 12–13. Accepting his account of the appeal's status, it supports an expectation of additional detention, but does not establish how long that detention is likely to last. His aggregate backlog figures concern the immigration courts, not the anticipated disposition of his particular detained appeal before the BIA.[2] Nor does the possibility of later judicial review establish that years of further detention are likely. The absence of a definite completion date, after approximately four months on appeal, does not on this record give the prospective-duration factor sufficient weight to render his present detention unreasonable.

The reasons for delay are neutral. The court does not count Mr. Singh's good-faith efforts to contest removal against him, and government bad faith is not a prerequisite to relief. *See German Santos*, 965 F.3d at 211–13. But the absence of a briefing schedule, without more, does not establish a pattern of careless or dilatory handling of his case. The record shows that the immigration judge decided his motion to terminate,

---

[2] BIA regulations provide that, after completion of the record on appeal, the Board shall issue a decision "as soon as practicable, with a priority for cases or custody appeals involving detained aliens." 8 C.F.R. § 1003.1(e)(8).

ruled on reconsideration, and entered a removal order, followed by approximately four months during which his appeal has been pending before the BIA. That chronology does not establish improper government delay, and Mr. Singh identifies no other procedural failure that unnecessarily extended the proceedings. This factor therefore does not favor either party.

Finally, the court assumes for purposes of this claim that Mr. Singh's confinement conditions favor him. The respondents' description of an immigration-specific facility does not alone establish that the conditions differ meaningfully from criminal confinement. Even crediting this factor in Mr. Singh's favor, however, it does not outweigh the comparatively limited duration of detention and the absence of a particularized showing that the pending appeal is likely to produce an unreasonably extended confinement. The factors require an assessment of the circumstances together, not a mechanical count of factors favoring either party.

Taken together, those circumstances do not establish that Mr. Singh's detention of more than seven months has become unconstitutionally prolonged. His removal case has received an initial decision and is undergoing its first administrative appeal. His assertion that further detention will be indefinite rests principally on the lack of a briefing schedule and generalized backlog statistics. Although his detention may continue and the court assumes its conditions favor his claim, the record does not demonstrate that its duration has exceeded constitutional limits. He therefore is not entitled to release or an individualized bond hearing on this ground.

For these reasons, the court:

(1) **DISMISSES WITHOUT PREJUDICE** Mr. Singh's claim that his conviction does not subject him to mandatory detention under 8 U.S.C. § 1226(c), for failure to exhaust administrative remedies;

(2) **DENIES** his claim that his detention has become unconstitutionally prolonged; and

(3) **DIRECTS** the clerk to enter judgment accordingly and close this case.

SO ORDERED on October 9, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT